**CHUN LIN CAI, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE, Respondent.**

No. 05–6119–ag.

United States Court of Appeals, Second Circuit.

Sept. 24, 2007.

Chun Lin Cai, Brooklyn, NY, Pro Se.

Charles T. Miller, United States Attorney, Fred B. Westfall, Jr., Assistant United States Attorney, Charleston, WV, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PIERRE N. LEVAL and Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Chun Lin Cai, a native and citizen of the People's Republic of China, seeks review of an Oct. 19, 2005, order of the BIA affirming the December 6, 2004, decision of Immigration Judge ("IJ") Noel A. Brennan, denying his motion to reopen. *In re Chun Lin Cai*, No. A29 222 602 (B.I.A. Oct. 19, 2005), *aff'g* No. A29 222 602 (Immig. Ct. N.Y. City Dec. 6, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA denies a motion to reopen, we review the BIA's decision for an abuse of discretion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established poli-

cies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

■ As to Cai's claim that he will be detained, tortured, and beaten upon repatriation to China, we are without jurisdiction to consider this claim because Cai failed to raise it before the IJ or the BIA. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir.2006).

■ We conclude that the agency did not abuse its discretion in finding that Cai failed to establish circumstances warranting rescission of his *in absentia* order of deportation. Such an order may be rescinded only upon a motion to reopen filed (i) within 180 days after the date of the order of removal if the movant demonstrates that the failure to appear was because of exceptional circumstances; or (ii) at any time if the movant demonstrates that he did not receive notice of his hearing, or if he demonstrates that he was in state or federal custody, and his failure to appear was not his fault. 8 U.S.C. § 1229a(b)(5)(C)(i) & (ii); 8 C.F.R. § 1003.23(b)(4)(iii). Cai filed his motion in October 2004, more than 180 days after the *in absentia* order of deportation was issued by the IJ in May 1994, and Cai has acknowledged receipt of the May 1994 hearing notice. The only explanation he offered for not attending that hearing was because he was afraid that he would most likely be ordered deported at that hearing. That explanation is insufficient. *See* 8 U.S.C. § 1229a(b)(5)(C)(i) & (ii); 8 C.F.R. § 1003.23(b)(4)(ii) & (iii). Accordingly, the agency did not abuse its discretion in find-

ing that Cai failed to establish that his *in absentia* order should be rescinded.

■ The agency also properly found that Cai did not establish an exception to the time limitation for motions to reopen. The regulations provide that a motion to reopen must be filed no later than 90 days after the date on which the final administrative decision was issued in the proceeding sought to be reopened. *See* 8 C.F.R. § 1003.2(c). This time limitation, however, does not apply if the motion to reopen is based on "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered," 8 C.F.R. § 1003.2(c)(3)(ii), and Cai argued that the births of his two children in the United States are changed circumstances that qualify him for this exception. But, as the agency found, the births of Cai's children in the United States constituted a change in Cai's personal circumstances not arising in his country of nationality. *See Jian Huan Guan v. B.I.A.*, 345 F.3d 47, 49 (2d Cir.2003). Accordingly, Cai failed to establish an exception to the time limitation for filing motions to reopen.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Petitioner's pending motion for a stay of removal in this petition is DISMISSED as moot.